AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Texas

| | |
|---|---|
| United States of America<br>v.<br><br>Nemecio Armando Villanueva | )<br>)<br>)<br>)  Case No.  2:26-MJ-50<br>)<br>)<br>)<br>) |
| *Defendant(s)* | |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 1 2 2026

CLERK, U.S. DISTRICT COURT
By_____
Deputy

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____February 25, 2026_____ in the county of _____Childress_____ in the _____Northern_____ District of _____Texas_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) | Possession with Intent to Distribute of 500 Grams or More of Methamphetamine |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Eric Johnson, HSI SA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (specify reliable electronic means).

Date: 3/12/26

_____
*Judge's signature*

City and state:        Amarillo, Texas

Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

2:26-MJ-50

## AFFIDAVIT IN SUPPORT OF COMPLAINT

1. I, Eric Johnson, being a duly sworn Special Agent with the United States Department of Homeland Security (DHS), Homeland Security Investigations (HSI), Amarillo, Texas, states as follows:

2. I am currently assigned to HSI Amarillo, Texas as a Special Agent. I have been a sworn Federal Law Enforcement Officer since August 2020 and have been assigned to HSI Amarillo since January 2023. As an HSI Special Agent, I have participated in a large number of investigations involving the possession and distribution of controlled substances. I have also received training from the Federal Law Enforcement Training Center and other law enforcement agencies in narcotics smuggling investigations, and have training and experience in money laundering, narcotics smuggling, and distribution investigations.

3. This affidavit is made in support of a criminal complaint and arrest warrant for Nemecio Armando VILLANUEVA. I am familiar with the information contained in this affidavit based upon my own personal investigation, as well as conversations with other law enforcement officers involved in this investigation.

4. On February 25, 2026, Childress Police Department (CPD) Officer Anthony Smith, was on routine patrol along HWY 287 in Childress, TX. At approximately 0138 hours, Officer Smith conducted a traffic stop on a 2006

1

Cadillac, bearing temporary Texas registration 82074TMP, at 1300 Ave F NW, in Childress, TX, for Speeding, a violation to the Texas Transportation Code. Officer Smith identified the driver of the vehicle as Nemecio Armando VILLANUEVA of Amarillo, TX.

5. During the course of the traffic stop, Officer Smith noticed indicators of criminal activity afoot. Specifically, VILLANUEVA was driving without a valid operator's license, history of drug charges, and inconsistencies in alleged reasons for the trip.

6. Officer Smith requested consent to search the vehicle from VILLANUEVA, who denied Officer Smith consent to conduct a search of the vehicle. Another CPD Officer on scene then deployed a CPD service K-9 to conduct a non-intrusive open-air sniff of the vehicle. The K9 alerted to the presence of narcotics in the vehicle and a probable cause search was initiated.

7. A probable cause search of the vehicle resulted in the discovery of ten (10) plastic bags containing a white crystalized substance, concealed in a cardboard box on the back seat of the vehicle. A subsequent field test of the contents of one (1) of the aforementioned bags, utilizing a MobileDetect Pouch, Narcotics Test, resulted in positive results for the properties and characteristics Methamphetamine, a Schedule II Controlled Substance. The total aggregate gross weight of the ten (10) bundles was 10.11 Kilograms.

8. I conducted an interview with VILLANUEVA at a secondary location. After being advised of his *Miranda* Warnings, VILLANUEVA claimed to be

traveling from Dallas, Texas to Amarillo, Texas and admitted that he knew there was methamphetamine in the box and was aware of the approximate amount. VILLANUEVA stated he was given instructions to park his vehicle at an apartment complex and leave the doors unlocked.

9. Based upon the foregoing, there is probable cause to believe that VILLANUEVA knowingly and intentionally possessed with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

Eric D Johnson
HSI Special Agent

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 12th day of March 2026 .

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

3